Peck, J.
delivered the opinion of the court. The prin-0frjectjons urge(j to the proceedings in this case, are to the insufficiency and uncertainty of the charge in the in-0fdictment, in not specifying the particular game played at for money, an(j the amount of money bet.
Games at cards may be multiplied and varied at pleasure; — new inventions, in their application, are constantly springing up, as even those unaccustomed to the use of cards may presume. The changes may be so played off, as to extend almost to infinity. In the range of these changes, names may, and probably do follow; but it may be, that adepts at gaming, play for money without any game; as where their invention for names has been exhausted. In such a case, merely to play for money, whether by trump or number, or other mode of risking, would be gaming within the statute. The offender (though he might thus match the cards and win the money,) ought not by his invention, be permitted to overmatch the attorney general; especially, as' WO are bound to suppose, that the attorney Prosecuting for J¿Jié'jtate, could know no more of the offence (lifn^eif, .than just enough to bring the offender to justice.
It is enough £q ,S(ate the offence with certainty to a com-mpi)rintent. At this match, or game at cards, the defendant diet play fob money, for the jury have found it so.
The .objection" taken to the sufficiency of the charge, cannot avail the defendant.
But it is said in argument, that the indictment does not show in what court it was found and returned. This is answered by the caption; for it is there shown — and this is one office of the caption, and it need not again be repeated in the indictment.
Another objection is, that the indictment does not show it was found by the oaths of twelve men. Answer — the caption shows it was found by the oath of twelve good and lawful men, of the county of Williamson, and gives their names. Why repeat on the face of the indictment, what it is the business of the caption to show.
Judgment affirmed.